AYRES, Judge.
This is an action for damages allegedly sustained by plaintiff, a washing-machine salesman and repairman, when he allegedly fell in the kitchen of Mrs. Lois Richie Duri-son May 4, 1964.
Plaintiff alleged that, when he went to make repairs on Mrs. Durison’s machine, he slipped upon a waxy substance on the kitchen floor, fell, and broke his hip. Negligence charged is that Mrs. Durison permitted a slippery substance to be placed on the floors of her home.
Made a defendant in addition to Mrs. Durison was her insurer, American Employers’ Insurance Company. The defendants denied plaintiff suffered an accident or that he fell while in Mrs. Durison’s home.
The case was tried May 5 and 6, 1966, and, in an oral opinion of June 8, 1966, the court concluded plaintiff had not borne the burden of proof and established the occurrence of an accident in defendant’s home. From a judgment accordingly rejecting plaintiff’s demands, he appealed.
*657 The record discloses that plaintiff was called by Mrs. Durison on the morning of May 4, 1964, to repair her washing machine. Upon examining the machine, plaintiff discovered some wash cloths had clogged it, damaging the pump to the extent that its replacement was necessary. This replacement was accomplished during the afternoon of the same day.
The testimony with reference to the occurrence of the accident is in irreconcilable conflict on every material factor. For instance, plaintiff and his helper, Rufus Jewett, testified that upon their arrival at defendant’s residence during the afternoon for the repair of the machine, Mrs. Duri-son was not at home, and that a maid who was in charge invited them in, whereupon, after entering and taking a step or two in the kitchen, plaintiff slipped and fell, injuring himself. Notwithstanding this injury, plaintiff remained at Mrs. Durison’s residence until Jewett completed the task. Testimony was further given that Jewett returned the following morning for the purpose of receiving pay for the work accomplished the day before.
Mrs. Durison denied she was absent when her machine was repaired, and testified that a beauty shop which she owned and operated was closed on Mondays and that she was at home all day. She further testified she paid plaintiff by check when the work was completed on Monday afternoon, and, moreover, that plaintiff sustained no accident at her residence. Further testimony was to the effect that Mrs. Durison had no maid on that occasion. In this she was corroborated by the testimony of the maid, who also testified that plaintiff never sustained accidental injuries while she was present in the Durison home. Plaintiff’s testimony that he was carried from the Durison residence to his home and placed in bed where he remained for several days is contradicted by the testimony of Mrs. Vera P. Hoover who says that plaintiff and his helper came to her home May S, 1964, and repaired her machine. Her testimony in this respect is verified by a check given for the services rendered. Plaintiff, after first denying that he repaired Mrs. Hoover’s machine, finally admitted that he did but testified that it was on May 4, 1964, prior to repairing Mrs. Durison’s machine.
Plaintiff and Jewett’s testimony is not entirely in accord with reference to the wax on defendant’s kitchen floor. Plaintiff testified that it was in splotches, particularly where he stepped on a “roll” approximately the size of a pencil. Jewett testified, however, that the substance referred to as wax covered the entire floor. This testimony is contradicted by Mrs. Durison and the maid, both of whom testified that they never used any paste wax or cream wax on the floor, but that they used a liquid wax called Klear, applied by the use of a pad attached to the end of an applicator.
The rule is so well established in the jurisprudence of this State as to obviate the necessity of citing authority that it is incumbent upon a plaintiff to establish his claims to a legal certainty and by a reasonable preponderance of evidence.
From our review and appreciation of the record, we are in accord with the conclusion reached by the trial court that plaintiff has failed to sustain the burden of proof imposed upon him and to establish that he sustained accidental injuries at the home of the defendant. The question presented is purely factual in character. We find no basis for concluding there was manifest error in the conclusion reached by the lower court.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.